# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DEKENDRICK MATLOCK, (TDCJ-CID #1310484) | § § § |
| Plaintiff, | § § § |
| vs. | § CIVIL ACTION H-14-2990 |
| WILLIAM STEPHENS, *et al.*, | § § § |
| Defendants. | § § |

## MEMORANDUM ON DISMISSAL

DeKendrick Matlock, a Texas Department of Criminal Justice inmate, sued in October 2014, challenging his underlying conviction and alleging civil rights violations resulting from a failure to protect. Matlock is representing himself without prepaying filing fees. The threshold issues are whether Matlock's habeas claims are barred as successive and whether his civil rights claims are barred under the three-strikes rule of 28 U.S.C. § 1915(g).

Matlock apparently challenges his current confinement, asking the court to order prison officials to transfer him to either the Huntsville Unit or the Dawson State Jail so that he can be released. Matlock states that he filed a complaint on August 5, 1985, Civil Action Number 63178163-61B, *Matlock v. TDCJ Huntsville Classification Black Mafia Family Room*, seeking a declaratory judgment that he cannot be held "in white slavery for gangster cript extortion" and alleging that prison officials were using mind-control equipment to subdue him. In the present case, Matlock seeks a declaratory judgment stating that in Civil Action Number 63178163-61B, the judge stated off the record that he would send Matlock a check for $30,000,000,000.00. Matlock seeks an order that he be sent a $30 billion check overnight.

To the extent Matlock is asserting that he is illegally confined pursuant to his conviction in Cause Number F-0456755-JH, his claim is barred. On June 23, 2014, Matlock filed a federal habeas petition challenging the same state-court conviction and sentence. On October 30, 2014, the Federal District Court in the Northern District of Texas dismissed Matlock's petition because it was filed too late. This second habeas petition must be dismissed because it is both successive and untimely. Civil Action No. 3:14-2282.

A district court may raise on its own the issue of whether a habeas corpus petition is successive. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). The Northern District dismissed Matlock's earlier federal petition, Civil Action Number 3:14-2282, as time-barred. The dismissal of a § 2255 petition as untimely under AEDPA is a "permanent and incurable" bar to federal review of the merits of the claim. The bar is permanent because, unlike cases in which a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. A dismissal as time-barred under AEDPA is an adjudication on the merits that makes a second petition challenging the same conviction or sentence successive. *See In re Flowers*, 595 F.3d 204 (5th Cir. 2009). As a result, this court lacks jurisdiction under 28 U.S.C. § 2244(b)(3)(A) (1998). That statute requires the Fifth Circuit to authorize a district court to consider a successive application before it is filed in the district court. The statute states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The United States Court of Appeals for the Fifth Circuit has not been asked to authorize this court to consider Matlock's successive application.

This court lacks jurisdiction to consider Matlock's habeas claims. Matlock's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction.[1]

To the extent Matlock is seeking relief for civil rights violations, his claims are barred by the three-strikes rule. A prisoner may not bring a civil action without prepaying fees in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Before filing this action, Matlock had at least three suits dismissed as frivolous. *Matlock v. Stephens*, 3:14cv2386 (dismissed as frivolous on September 29, 2014) (N.D. Tex.); *Matlock v. Livingston*, 7:12cv0015 (dismissed as frivolous on March 12, 2013) (N.D. Tex.); and *Matlock v. Rupert*, 7:12cv0148 (dismissed as frivolous on February 21, 2013) (N.D. Tex.). In this case, Matlock has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Matlock is barred under 28 U.S.C. § 1915(g) from proceeding without prepaying fees.

---

[1] No Certificate of Appealability will issue from this ruling. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should not issue unless the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Matlock has not made the necessary showing. A Certificate of Appealability is denied.

Matlock's motion to proceed as a pauper, (Docket Entry No. 2), is denied. The complaint is dismissed under 28 U.S.C. § 1915(g).[2] **All pending motions are denied**. Matlock is warned that continued frivolous filings may result in the imposition of sanctions.

The TDCJ-CID must deduct twenty percent of each deposit made to plaintiff's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on December 16, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's *in forma pauperis* appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.